CT Corporation

**Service of Process Transmittal**
09/24/2013
CT Log Number 523556249

**TO:** Mary Jo Spalinger
Business Filings Incorporated (Recipient Account Only)
8040 Excelsior Drive, Suite 200
Madison, WI 53717

**RE:** **Process Served in Kentucky**

**FOR:** Stellar Recovery, Inc. (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Melynda Mason, Pltf. vs. Stellar Recovery, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), First Set of Interrogatories, Certificate of Service |
| **COURT/AGENCY:** | Bourbon County District Court, KY
Case # 13C277 |
| **NATURE OF ACTION:** | Defendant use unfair means for collecting debts |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Frankfort, KY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/24/2013 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kentucky |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days following the day this paper is delivered to you |
| **ATTORNEY(S) / SENDER(S):** | James H. Lawson
Lawson at Law, PLLC
4055 Shelbyville Road
Suite B
Lousville, KY 40207
502-473-6525 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2013, Expected Purge Date: 09/29/2013
Image SOP
Email Notification, Mary Jo Spalinger ctsop@bizfilings.com |
| **SIGNED:** | Business Filings Incorporated |
| **PER:** | Amy McLaren |
| **ADDRESS:** | 306 W. Main Street
Suite 512
Frankfort, KY 40601 |
| **TELEPHONE:** | 800-592-9023 |

Page 1 of 1 / GS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT
A



**CERTIFIED MAIL**

7013 1090 0001 3630 7519

FROM:

**JAMES R. MCKENZIE ATTORNEY, PLLC**
4055 Shelbyville Road, Suite B
Louisville, KY 40207

TO:

Stellar Recovery, Inc.
c/o Business Filings Incorporated
306 W. Main St., Suite 512
Frankfort, KY 40601

AOC-105
Rev. 1-07
Page 1 of 1
Commonwealth of Kentucky
Court of Justice
CR 4.02 CR Official Form 1

**CIVIL SUMMONS**

CASE NO. 13·C·277

Bourbon District Court

Bourbon County
Division ___

MELYNDA MASON                                                   PLAINTIFF

v.

STELLAR RECOVERY, INC                                          DEFENDANT

Serve:  Business Filings Incorporated
        306 W. Main Street, Suite 512
        Frankfort, KY 40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

        You are hereby notified a **legal action has been filed against you** in this Court
demanding relief as shown on the document delivered to you with this Summons. **Unless a
written defense is made by you or by an attorney on your behalf** within **20 days** following
the day this paper is delivered to you, judgment by default may be taken against you for the relief
demanded in the attached Complaint.

        The name(s) and address(es) of the party or parties demanding relief against you are
shown on the document delivered to you with this Summons.

Date: September 12, 2013                        _____, Clerk
                                          By: _____ D.C.

                              **Proof of Service**

This summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

This _____ day of _____, 20____.

                              Served by: _____

                              _____Title

Commonwealth of Kentucky
Bourbon District Court
Div.
Case No. 13-C-272

FILED
ATTEST BEVERLY SMITS, CLERK
SEP 1 2 2013
BOURBON CIRCUIT/DISTRICT COURT
BY_____ DEPUTY

Melynda Mason                                                              PLAINTIFF

v.                                    **COMPLAINT**

Stellar Recovery, Inc.                                                     DEFENDANT
Serve:
      Business Filings Incorporated
      306 W Main St
      Suite 512
      Frankfort, KY 40601

                    *        *        *        *        *

## INTRODUCTION

1.      This is an action by a consumer seeking damages and declaratory relief for
Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692
*et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection
practices.

2.      Defendant Stellar Recovery, Inc. ("Stellar Recovery") sent Plaintiff Melynda
Mason a dunning letter on July 9, 2013. The July 9th letter referenced a debt to Fifth Third Bank
and balance due of $1,019.95. Ms. Mason paid Fifth Third the full amount due on the alleged debt
long before Stellar acquired the debt. Moreover, the amount that Stellar Recovery claims that Ms.
Mason owes on the debt includes interest to which Stellar has neither a contract right nor a statutory
right to recover. These and other acts violate the FDCPA.

## PARTIES

3.      Plaintiff Melynda Mason is a natural person who resides in Bourbon County, Ky.
Plaintiff is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

4.      Defendant Stellar Recovery, Inc. is a foreign corporation that has registered with the Kentucky Secretary of State. Stellar is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth. Stellar Recovery's principal place of business is located at1327 Highway 2 West, Suite 100, Kalispell, MT 59901.

5.      Stellar Recovery regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6.      Stellar Recovery sent Ms. Mason a dunning letter on July 9, 2013. (A copy of the July 9th letter is attached as Exhibit "A").

7.      The July 9th letter referenced a Fifth Third Bank account with a balance due of $1,019.95.

8.      On March 19, 2012, a different debt collector, Asset Acceptance, LLC, filed suit against Ms. Mason in this Court in an attempt to collect the same alleged debt to Fifth Third Bank. (A copy of the March 19th Complaint is attached as Exhibit "B").

9.      Asset Acceptance's Complaint demanded recovery of a principal amount $806.67 and accrued interest of $34.61.

10.     This Court dismissed Asset Acceptance's complaint without prejudice on May 23, 2013.

11.     Stellar Recovery's July 9th letter does not explain its basis for inflating the amount due on the alleged debt by over $213.00 in the 17 months between the date that Asset Acceptance brought suit against Ms. Mason and the date of its dunning letter.

12.     Stellar Recovery's July 9th letter does not state that any interest has been or will be

-2-

accrued on the alleged debt.

13.     Ms. Mason disputed the debt at issue in this case with Fifth Third.

14.     Ms. Mason settled the alleged debt to Fifth Third Bank in February of 2012 with a

compromise payment that Fifth Third accepted.

## CLAIMS FOR RELIEF:

### Violation of the Fair Debt Collection Practices Act

15.     The foregoing acts and omissions of Stellar Recovery, Inc. constitute violations of

the FDCPA, including, but not limited to:

**a.**     Violation of 15 U.S.C. §1692e(5): threatening "to take any action that . . . is not intended to be taken" by attempting to collect a debt from Ms. Mason that she did not owe;

**b.**     Violation of 15 U.S.C. §1692d: attempting to collect a debt from Ms. Mason that she did not owe;

**c.**     Violation of 15 U.S.C. §1692e(2)(A): (i) falsely representing that Ms. Mason owed any debt to Stellar Recovery, and (ii) including interest and/or fees on the alleged debt that Stellar Recovery had no legal right to impose or accrue;

**d.**     Violation of 15 U.S.C. §1692e(10): falsely and deceptively representing that Ms. Mason owed a debt that she did not owe;

**e.**     Violation of 15 U.S.C. §1692f(1): accruing interest on a debt that Stellar Recovery had neither a contractual nor a statutory right to collect; and

**f.**     Violation of 15 U.S.C. §1692g(a)(1): incorrectly stating the amount due on the alleged debt by including interest and/or fees on the debt that Stellar Recovery had no right to collect and failing to state that the amount claimed due included interest and that the debt was subject to imposition of interest and/or fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Melynda Mason requests the Court grant her relief as follows:

a.      Declare that Ms. Mason does not owe Stellar Recovery Inc. any debt, including the alleged debt originated by Fifth Third Bank;

b.      Award Plaintiff actual damages;

-3-

c.      Award Plaintiff statutory damages;

d.      Award Plaintiff reasonable attorney's fees and costs;

e.      A trial by jury; and

f.      Such other relief as may be just and proper.

Respectfully Submitted,

_____
**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzieatty.com

-4-

# Exhibit "A"

PO Box 1234
Fort Mill, SC 29716-1234

76 110 00023012
788190

8653422





Toll Free: 888-318-7041  Fax: 1-877-277-5520

MELYNDA MASON
1131 ARLINGTON DR
PARIS KY 40361-2235

July 9, 2013

### Reference Number ▶ 8653422

| Account Number ▶ 07140809604 | | Re ▶ FIFTH THIRD BANK | |
|---|---|---|---|
| | Balance ▶ $1,019.95 | | |
| Creditor ▶ STELLAR RECOVERY, INC | | | |

Dear MELYNDA MASON,

We have been unable to come to an arrangement on your account. We understand you cannot pay the entire balance at this time. We would like to work with you in your efforts to honor this obligation.

If you wish to take advantage of this opportunity, complete the information below and return this letter to our office with your payment. We have outlined two options for you to begin making payments toward your account.

| Option 1: | Settle your account for $509.98 in 6 equal payments of $85.00 with the first payment due no later than 07/24/2013 with another payment of $85.00 due every 30 days thereafter. Please include the coupon at the bottom of this letter with your first payment. |
|---|---|

| Option 2: | Begin making monthly payments in the amount of $101.99 per month as a hardship arrangement. The first payment of $101.99 is due no later than 07/24/2013 with another payment of $101.99 every 30 days thereafter. Please include the coupon at the bottom of this letter with your first payment. |
|---|---|

### Call 888-318-7041 to discuss other reasonable alternatives

STELLAR RECOVERY, INC is subject to certain IRS reporting requirements for debt forgiveness exceeding $600. When required, STELLAR RECOVERY, INC will report debt forgiveness on form 1099C. This is solely a filing requirement - STELLAR RECOVERY, INC is not in a position to determine or advice you whether this will have any tax consequences. Please consult independent tax counsel of your own choosing if you desire advice about tax consequence which may result from this settlement.

Sincerely,

Collection Department

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

▼ Detach Here ▼          Please return bottom portion with payment.          ▼ Detach Here ▼

| IF PAYING BY CREDIT CARD, COMPLETE ALL, SIGN AND RETURN. | |
|---|---|
| CARD HOLDER NAME | |
| CARD NUMBER PLUS 3 DIGIT SECURITY CODE | EXP. DATE |
| SIGNATURE | |
| AMOUNT | CVV/CID (3-Digit Verification Code on Back of Card) |

| Reference Number | 8653422 |
|---|---|
| Balance | $1,019.95 |
| Amount Enclosed | |

STELLAR RECOVERY, INC.
1327 Highway 2 W, Suite 100
Kalispell MT 59901-3413

SI-I STELLAR-62
288199

**PRIVACY POLICY**

 **INFORMATION WE COLLECT**

The information we collect about you will vary, but may include:

- Information we receive from you, such as your name, address, age, phone number, social security number, assets, income, or beneficiaries;

- Information about your transactions with us, with our affiliates, or with others, such as your account information, account history, credit application; and

- Information we receive from a consumer reporting agency, such as your credit history; and

- Information we receive from third parties, such as your address, phone number, or place of employment.

**INFORMATION WE DISCLOSE**

We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law.

**CONFIDENTIALITY AND SECURITY**

We restrict access to nonpublic personal information about you to those employees and agents who need to know such information within their scope of employment. We maintain physical, electronic, and procedural safeguards that comply with federal regulations to protect your nonpublic personal information.

00023612
286199

# Exhibit "B"

NO. 12·C· 109



BOURBON DISTRICT COURT
DIVISION

ASSET ACCEPTANCE, LLC

PLAINTIFF

vs.

**COMPLAINT**

MELYNDA J. MASON

DEFENDANT

\* \* \* \* \* \*

The Plaintiff, by counsel, for its cause of action against the Defendant states as follows:

1. The Plaintiff owns and is the holder of an account due and owing by the Defendant, and is the assignee of Fifth Third Bank.

2. The Defendant is indebted to the Plaintiff in the amount of $806.67; plus accrued interest of $34.61 as of March 13, 2012.

3. Venue is proper with this court based on the Defendant residing in BOURBON county.

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment against the Defendant in the sum of $806.67; plus accrued interest of $34.61 as of March 13, 2012.

2. Interest thereon at the rate of 8% per annum from March 13, 2012, and 12% per annum from the date of Judgment, until the Judgment is satisfied;

3. For Plaintiff's costs herein expended;

4. For any and all other relief to which the plaintiff may be entitled pursuant to contract, statute, or common law.

JON SCHURTE
LLOYD & McDANIEL, PLC
Attorneys for Plaintiff
P.O. Box 23200
Louisville, KY 40223-0200
(502)736-4537

**This letter is an attempt to collect a debt, and any information obtained will be used for that purpose. This communication is from a debt collector.**

C341250/PSMARTCM/KA





Commonwealth of Kentucky
Bourbon District Court
Case No. 13-C-277

Melynda Mason                                                    PLAINTIFF

## v. PLAINTIFF'S FIRST SET OF INTERROGATORIES PROPOUNDED TO DEFENDANT, STELLAR RECOVERY, INC.

Stellar Recovery, Inc.                                          DEFENDANT

\*      \*      \*      \*      \*

### DEFINITIONS

"You" and "your" refer to Defendant Stellar Recovery Inc.

"Plaintiff" refers to Plaintiff Melynda Mason.

"Account" means the alleged debt at issue in the July 9, 2013 dunning letter attached to Complaint's Complaint as Exhibit "A." This debt is identified as follows:

| | |
|---|---|
| Reference Number: | 8653422 |
| Account Number: | 071140809604 |
| Balance: | $1,019.95 |
| Creditor: | Stellar Recovery, Inc. |

"Dunning Letter" means the July 9, 2013 dunning letter attached to the Complaint as Exhibit "A."

"Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purpose, whether or not such obligation has been reduced to judgment.

"Communications" means, directly or indirectly, conveying information regarding a debt to any person through any medium.

"Document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state

1

and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

Defendant Stellar Recovery, Inc. is hereby requested to answer each of the Interrogatories hereinafter set forth within 30 days from service of these interrogatories pursuant to the Rule 33 of the Kentucky Rules of Civil Procedure.

These Interrogatories should be deemed continuing, and the defendant is hereby put on notice to supplement these answers at any time additional information becomes available.

1.      Provide the job title and last known address of the person(s) most knowledgeable regarding the following:

(a)     Your collection activities;
(b)     Your collectors, employees, agents, and/or affiliates who had any contact with or made any communications to Plaintiff,
(c)     Your collectors and supervisors or supervisors of said collection account manager who dealt with, reviewed or made decisions concerning the Account or any other debt belonging to Plaintiff, or who had any contact with or made any communications to Plaintiff

**RESPONSE:**


2.      Identify the name of each and every person who spoke with, called, contacted or directed letters to be issued to or wrote letters referencing Plaintiff, including their names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called and the dates said communications were made.

**RESPONSE:**


3.      Identify with specificity each and every debt you have tried to collect from Plaintiff, including but not limited to the following information if available: (a) the original creditor, (b) the original account number, (c) Your account number or file number for the debt, and (d) the amount of the debt.

**RESPONSE:**

10.   State the names, addresses and job titles of all persons who performed any review, participated in the review, or supplied any information to the review of the Account or your collection efforts of the Account or any other debt allegedly owed by Plaintiff.

**RESPONSE:**

11.   State and attach copies of results and/or outcome of each and every review of claims as inquired about in Interrogatory No. 9, and Interrogatory No. 10.

**RESPONSE:**

12.   Please provide a list of each and every person who spoke with, called or contacted, or was called with reference to Plaintiffs, including the names, all assumed names or aliases, addresses, and home and business phone numbers, the dates they called, the reasons for such call or contact, and what specifically they said to Plaintiff. State the entire, full, total conversation.

**RESPONSE:**

13.   State whether or not you or any agent, servant, or employee has telephoned Plaintiff at any time.

(a)   state the date and time of each call and the nature of the call or calls;
(b)   state what was said, in detail, by and between your agent, servant or employee and Plaintiff;
(c)   state the name, and any assumed names, and employment of each person making such call or calls, and the purpose of said call.

**RESPONSE:**

14.   State whether you or your agent, servant or employee has called Plaintiff's neighbors, spouse, relatives or employment at any time in connection with an alleged debt or for any other reason:

(a) state the date, name of each person making the call or calls, the purpose of each such call, and the details of what was said between said agent, servant, or employee to Plaintiff's neighbors, relatives or employer.

**RESPONSE:**

4

4.      List each and every communication between you or any other agent, officer, or employee of the company and Plaintiff or members of her household or his representatives; state the date of the communication, the author of the communication, the contents of the communication, and whether the communication was oral or written.

**RESPONSE:**

5.      State in detail everything you know of the contents of the contact and state the date of each oral or written communication to Plaintiff made by any your officers, agents or employees.

**RESPONSE:**

6.      State the name, address, date of communication, content of communication of each and every report or communication made by you to any other person or entity concerning the Account, and/or the credit history or payment history of Plaintiff.

**RESPONSE:**

7.      State the name and address of any and all witnesses that you have contacted in connection with this case including, but not limited to, those that are expected to testify at the trial of this case.

**RESPONSE:**

8.      State the names, addresses, telephone numbers and places of employment of all persons who have factual knowledge regarding the facts and circumstances involving this lawsuit.

**RESPONSE:**

9.      State the names, addresses and job titles of all persons who performed the review, participated in the review, or supplied any information to the review of the Account or any other debt allegedly owed by Plaintiff.

**RESPONSE:**

15.    Identify your employees who had any contact whatsoever with Plaintiff:

(a)  state everything said in detail by all parties involved in the contact and the date of same. Specifically, any employee who called the Plaintiff or directed any written communication to Plaintiff.

**RESPONSE:**

16.    In connection with the Account, please state the following:

(a)    The date on which you acquired the Account;
(b)    The amount owed on the Account on the date on which you acquired the Account; and
(c)    From whom you acquired the Account.

**RESPONSE:**

17.    The Dunning Letter states that the Balance due on the Account is $1,019.95. Please state whether this amount includes interest.

**RESPONSE:**

18.    If the Balance due on the Account as stated in the Dunning Letter includes interest, please state the principal amount of the debt, the amount of accrued interest on the debt, the interest rate applied to the Account, and the date on which you began to accrue interest on the Account.

**RESPONSE:**

19.    If the Balance due on the Account as stated in the Dunning Letter includes interest, please state the legal basis on which you accrued interest on the Account.

**RESPONSE:**

5

20.     If the Balance due on the Account as stated in the Dunning Letter includes interest and you legal basis for accruing interest is contract, please identify with particularity the contract that permits you to accrue interest on the Account.

**RESPONSE:**


21.     If the Balance due on the Account as stated in the Dunning Letter includes interest and you legal basis for accruing interest is statutory, please identify the statute that permits you to accrue interest on the Account by full legal citation.

**RESPONSE:**



Respectfully Submitted,



**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzieatty.com

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on Defendant Stellar Recovery, Inc. contemporaneously with the Summons and Complaint pursuant to CR 33.01 via U.S. Mail, postage prepaid, or email on this 18th day of September, 2013

*Counsel for Plaintiff*

7

Commonwealth of Kentucky
Bourbon District Court
Case No. 13-C-277

Melynda Mason                                                            PLAINTIFF

v.      **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF
        DOCUMENTS PROPOUNDED TO DEFENDANT
        STELLAR RECOVERY, INC.**

Stellar Recovery, Inc.                                                   DEFENDANT

            *       *       *       *       *

### DEFINITIONS

"You" and "your" refer to Defendant Stellar Recovery Inc.

"Plaintiff" refers to Plaintiff, Melynda Mason.

"Account" means the alleged debt at issue in the July 9, 2013 dunning letter attached to Complaint's Complaint as Exhibit "A." This debt is identified as follows:

| | |
|---|---|
| Reference Number: | 8653422 |
| Account Number: | 071140809604 |
| Balance: | $1,019.95 |
| Creditor: | Stellar Recovery, Inc. |

"Assignors" means the original creditor on the Account, and any person who has had an ownership interest in the Account other than you. Assignors also includes any successors to an Assignor by merger, corporate acquisition or other transfer of assets that included the Account, even if such merger, acquisition or asset transfer did not specifically reference the Account.

"Communications" means, directly or indirectly, conveying information regarding a debt to any person through any medium.

"Dunning Letter" means the July 9, 2013 dunning letter attached to the Complaint as Exhibit "A."

"Debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purpose, whether or not such obligation has been reduced to judgment.

1

"Document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

"Documentation of the Account" means and includes, unless otherwise defined, any and all documents and communications produced, received, and maintained by the original creditor regarding the Account in the ordinary course of its business of extending credit to consumers. Such documentation includes, but is not limited to, the following: The initial solicitation of credit sent to the Defendant along with all initial disclosures regarding account terms and credit availability; applications for credit signed by the Defendant; account agreements, whether signed by the defendant or sent to the defendant; periodic account statements sent to the defendant; copies of payments received by means of negotiable instruments such as personal checks or money orders; written correspondence between the original creditor and the Defendant of any kind; audio recordings, if any, of all telephone calls with the Defendant regarding the Account; and telephone logs of all attempted or completed telephone calls placed to the Defendant. "Documentation of the Account" specifically *excludes* documents such as affidavits, memoranda, summaries, electronic databases of account information or extracts therefrom, and the like prepared by the original creditor in anticipation of the assignment of the Account to you or to another party, or in anticipation of potential or actual litigation regarding the Account.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant Stellar Recovery, Inc. is hereby requested pursuant to Rule 34 of the Kentucky Rules of Civil Procedure to produce the following documents at the office of Defendant's counsel within 30 days of the service of these requests. "Documents" includes "letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation." KRE 1001.

If any request for production is objected to on the ground of privilege or otherwise set forth fully, each such objection and the facts upon which you rely as the basis for each such objection.

If any documents are withheld or not identified under claim of privilege, for each request for production to which the documents responds, furnish a list identifying each such document

for which the privilege is claimed, together with the subject matter thereof, and state the basis for which the asserted privilege is claimed.

     1.     Please provide a signed copy of any Agreement for the Account.

**RESPONSE:**

     2.     If you do not have a copy of the signed Agreement for the Account, please provide a copy of any Agreement for the Account that you allege controls the rights and liabilities of the parties.

**RESPONSE:**

     3.     Please provide a copy of any and all account statements relating to the Account.

**RESPONSE:**

     4.     Please provide a copy of all required notices under 15 U.S.C. § 1692g that you sent to Plaintiff. If notices are not dated, please also state the date on which the notices were sent.

**RESPONSE:**

     5.     Please provide copies of all letters, notices, documents, and correspondence sent to or received from Plaintiff relating to the Account.

**RESPONSE:**

     6.     Please produce copies of any and all Universal Data Forms that you have sent any consumer reporting agency concerning Plaintiff and/or the Account.

**RESPONSE:**

7.     Please produce a complete copy of the agreements that constitute the chain of title for the Account starting with the agreement between the originator of the Account and its assignee and including each agreement between an assignee of the Account and another assignee of the Account and/or you. This is a request for the entire agreement, not just a bill of sale or exhibit to an agreement, and includes master agreements whose terms relate in any way to or are incorporated by an agreement or bill of sale transferring rights to the Account. In order to protect the privacy of other debtors whose Accounts may be included in such agreements, you may redact or otherwise omit information identifying any debtor other than the Defendant.

**RESPONSE:**


8.     Please produce any and all notices sent to Plaintiff by you, the original creditor, or any other parties informing Plaintiff that the Account had been assigned to you.

**RESPONSE:**


9.     Please produce the entire purchase agreement between you and the assignee of the account, specifically including any provisions thereof regarding the acquisition of Documentation of the Account from the assignee and/or the original creditor.

**RESPONSE:**


10.     Please produce any other agreements, other than the purchase agreement requested in Request No. 9, between you and the assignor of the Account and/or the original creditor, and any other responsive documents, which describe the following: The purchase, acquisition, and availability of Documentation of the Account at the time the Account was assigned; the acquisition and availability of Documentation of the Account subsequent to the time the Account was assigned; the time period subsequent to assignment during which the assignor and/or the original creditor will honor requests for additional Documentation of the Account; whether the assignor and/or the original creditor honors expedited or emergency requests for Documentation of the Account; and any additional consideration demanded by the assignor and/or the original creditor for Documentation of the Account, over and above the consideration paid for the Account itself, whether in the form of costs, fees, credits, offsets, and the like.

**RESPONSE:**


11.     Please produce all documents containing any warranties or representations made by the originator or any Assignor of the Account to you or another Assignor of the Account.

**RESPONSE:**

12.    Please produce all documents indicating the consideration you paid to obtain your rights in the Account.

**RESPONSE:**


13.    Please produce all documents indicating or describing the scope or extent of the rights you own in the Account.

**RESPONSE:**


14.    Please produce all documents indicating or describing the scope or extent of the rights that anyone other than you owns in the Account.

**RESPONSE:**


15.    Please produce all other documents, logs, and correspondence relating to Defendant and/or the Account, including collection records, letters, and call or communication logs.

**RESPONSE:**


16.  Please produce all documents involving communications between you and any of the following persons, in which the communication in any way referenced Plaintiff[s] and/or any of their personal identifiers and/or any of the account numbers:

    a.  Equifax Credit Information Services, Inc.;
    b.  Trans Union Corporation;
    c.  Experian Information Solutions LLC;
    d.  TRW, Inc., or any other entity with a name, legal, trade or assumed, which includes "TRW";
    e.  Any other consumer reporting agency.

**RESPONSE:**

Respectfully Submitted,

James H. Lawson
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com

**James McKenzie**
*James R. McKenzie Attorney, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel:    (502) 371-2179
Fax:    (502) 257-7309
jmckenzie@jmckenzieatty.com

## **Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served on Defendant Stellar Recovery, Inc. contemporaneously with the Summons and Complaint pursuant to CR 34.02 via U.S. Mail, postage prepaid, or email on this 18th day of September, 2013

*Counsel for Plaintiff*

6